# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-914V

| | |
|---|---|
| JAMES CONLEY,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 2, 2024 |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Elizabeth Andary, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On August 16, 2022, James Conley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on December 1, 2020. Pet. at 1, ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, he suffered sequela of his injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for his vaccine-related injury. *Id.* at 1, 9. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 15, 2023, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for his GBS. ECF No. 28. On January 31, 2024, Respondent filed a Proffer on award of compensation ("Proffer") stating Petitioner should be awarded

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

$150,000.00 in pain and suffering. Proffer at 1, ECF No. 37. Respondent also stated Petitioner should be awarded funds to satisfy the State of Ohio Medicaid lien in the amount of $2,687.99. *Id.* at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* at 1-2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner two lump sum payments as follows:**

A. **A lump sum payment of $150,000.00 for pain and suffering, in the form of a check payable to Petitioner; and**

B. **A lump sum payment of $2,687.99, representing compensation for satisfaction of the State of Ohio Medicaid Lien, in the form of a check payable jointly to Petitioner and:**

> **Ohio Tort Recovery Unit**
> **5475 Rings Road Suite 200**
> **Dublin, OH 43017**

**Petitioner has agreed to endorse the check to the State of Ohio (Ohio Tort Recovery Unit) for satisfaction of the Medicaid lien.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JAMES CONLEY,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | No. 22-914V<br>Chief Special Master Brian H. Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On August 16, 2022, James Conley ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, *as amended*, 42 U.S.C. §§ 300aa-1 to -34, ("Vaccine Act" or "Act") alleging that an influenza ("flu") vaccination administered to him on December 1, 2020, caused him to develop Guillain-Barré Syndrome ("GBS"). *See* Petition at 1.

On August 14, 2023, the Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) report concluding that petitioner suffered an injury that is compensable under the Vaccine Act, that is, Guillain-Barré Syndrome ("GBS"), as defined in the Vaccine Injury Table. ECF No. 27. Accordingly, on August 15, 2023, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 28.

**I.**     **Items of Compensation**

      A.     Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$150,000.00** for pain and suffering, in the form of a check payable to petitioner. Petitioner agrees.

B.      <u>Medicaid Lien</u>

Responded proffers that petitioner should be awarded funds to satisfy the State of Ohio Medicaid lien in the amount of **$2,687.99**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Ohio may have against any individual as a result of any Medicaid payments the State of Ohio has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about December 12, 2020, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.**      **Form of the Award**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [1]

A. A lump sum payment of **$150,000.00** in the form of a check payable to petitioner; and

B. A lump sum payment of **$2,687.99**, representing compensation for satisfaction of the State of Ohio Medicaid lien, in the form of a check payable jointly to petitioner and:

Ohio Tort Recovery Unit<br>
5475 Rings Road Suite 200<br>
Dublin, OH  43017

Petitioner agrees to endorse the check to the State of Ohio (Ohio Tort Recovery Unit) for satisfaction of the Medicaid lien.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

**III.     Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, James E. Conley:     **$150,000.00**

Lump sum payable jointly to petitioner and Ohio Tort Recovery Unit:     $2,687.99

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ ELIZABETH A. ANDARY
ELIZABETH A. ANDARY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-9824
E-mail: Elizabeth.A.Andary@usdoj.gov

Dated: January 31, 2024